IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK18-81307-TLS |
| RONNIE JEROME EGGERSON and ) | A19-8021-TLS |
| DEBRA LOUISE EGGERSON , ) | |
| ) | CHAPTER 13 |
| Debtor(s). ) | |
| RONNIE JEROME EGGERSON and ) | |
| DEBRA LOUISE EGGERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| U.S. BANK TRUST NATIONAL ) | |
| ASSOCIATION, AS TRUSTEE OF THE ) | |
| PRP II PALS INVESTMENT TRUST and ) | |
| SN SERVICING CORP., ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on the defendants' motion for summary judgment (Fil. No. 46) and resistance by the plaintiffs (Fil. No. 71). The plaintiffs are representing themselves, and L. Bryant Jaquez represents the defendants. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted, for the reasons explained below.

The debtors filed this adversary proceeding against the holder and the servicer of their residential mortgage loan objecting to their proof of claim and alleging the fraudulent assignment of the deed of trust, lack of standing, misapplication of payments, and improper accounting of escrow, fees, and other charges. The defendants filed a motion for summary judgment asserting there is no genuine dispute as to any material fact.

For purposes of this motion, the following facts are uncontroverted or are established by the record:

1. On or about July 8, 1998, the plaintiffs executed a promissory note in favor of WMC Mortgage Corp. in the original principal amount of $98,625.00.

2. The debt described by the promissory note is secured by a deed of trust properly recorded with the Register of Deeds of Douglas County, Nebraska, on July 10, 1998.

3. The recorded deed of trust created a lien against the real property commonly described as 8708 North 52nd Avenue, Omaha, NE 68152, which is legally described as Lot 15, Block 7, in Raven Oaks, an addition to the City of Omaha, as surveyed, platted and recorded, in Douglas County, Nebraska.

4. The original beneficiary under the deed of trust was WMC Mortgage Corp.

5. Defendant U.S. Bank Trust National Association, as Trustee of the PRP II Pals Investment Trust ("U.S. Bank"), is the current holder, and is in actual physical possession, of the original promissory note, which is endorsed in blank by WMC Mortgage Corp.

6. On July 25, 2000, an Assignment of Deed of Trust ("AOM1") was recorded assigning the deed of trust from WMC Mortgage Corp. to The First National Bank of Chicago, as trustee under the pooling and servicing agreement dated September 1, 1998, WMC Series 1998-B.

7. On November 3, 2005, an Assignment of Mortgage ("AOM2") was recorded assigning the deed of trust from The First National Bank of Chicago, as trustee under the pooling and servicing agreement dated September 1, 1998, WMC Series 1998-B, to JPMorgan Chase Bank, successor in interest to Bank One, National Association (f/k/a The First National Bank of Chicago), as trustee, on behalf of the holders of the Mortgage Pass-Through Certificates Series 1998-B.

8. On December 13, 2010, a loan modification of the note and deed of trust was entered into and executed by the plaintiffs and Select Portfolio Servicing, Inc.

9. The loan modification created a new principal balance on the note of $133,552.03 consisting of an interest-bearing principal balance of $70,000.00 and a deferred principal balance of $63,552.03.

10. The loan modification provided for the interest-bearing principal balance to be paid at a 9.90% rate of interest beginning January 1, 2011, over 249 months with a final balloon payment of $60,684.57 due at maturity, which was extended to September 1, 2031.

11. The loan modification provided for the deferred principal balance to be due as a balloon payment at maturity as well.

12. On March 15, 2017, a Corporate Assignment of Deed of Trust ("AOM3") was recorded assigning the deed of trust from Bank of New York Mellon Trust Company, N.A., f/k/a Bank of New York Co. (successor to JPMorgan Chase Bank, N.A., successor to Bank One, N.A. f/k/a The First National Bank of Chicago), as trustee on behalf of the holders of the Mortgage Pass-Through Certificates Series 1998-B, to U.S. Bank Trust National Association, as trustee of the Preston Ridge Partners Investment II Trust.

13. The AOM3 indicates it was executed by Select Portfolio Servicing, Inc., as attorney in fact for Bank of New York Mellon Trust Company, N.A., f/k/a Bank of New York Co. (successor to JPMorgan Chase Bank, N.A., successor to Bank One, N.A., f/k/a The First National Bank of Chicago), as trustee on behalf of the holders of the Mortgage Pass-Through Certificates Series 1998-B.

14. On May 9, 2018, an Assignment of Deed of Trust ("AOM4") was recorded assigning the deed of trust from U.S. Bank Trust National Association as trustee of the Preston Ridge Partners Investment II Trust to the defendant U.S. Bank Trust National Association as trustee of the PRP II Pals Investments Trust.

15. Defendant U.S. Bank is the current beneficiary of the deed of trust.

16. SN Servicing Corporation is the servicer of the subject loan on behalf of U.S. Bank.

17. On September 4, 2018, the plaintiffs filed a Chapter 13 bankruptcy petition commencing Case No. BK18-81307 wherein the property is identified as the plaintiffs' principal residence.

18. On September 18, 2018, the plaintiffs filed their Schedule D in the bankruptcy case identifying a secured claim against the property in the amount of $98,625.00 in favor of Statebridge Company, Locher Pavelka Dostal, and SN Servicing.

19. On September 18, 2018, the plaintiffs filed their Chapter 13 plan providing for the secured claim against the property to be paid within Class 6.A. by curing pre-petition arrearages and maintaining post-petition mortgage payments. The plan was confirmed on November 13, 2018.

20. On November 9, 2018, U.S. Bank filed its proof of claim (No. 6-1) in the bankruptcy case, which evidenced a total claim of $105,505.69 and pre-petition arrearages of $47,364.43.

21. The claim includes a copy of the note endorsed in blank, a copy of the deed of trust, copies of AOM1, AOM2, the loan modification, AOM3, AOM4, and an escrow analysis as of the date the bankruptcy petition was filed.

22. On the petition date, the plaintiffs were delinquent and due for 31 monthly payments for March 1, 2016, through September 1, 2018, at $588.91 each, for a total principal and interest balance of $18,256.21.

23. On the petition date, the plaintiffs owed $26,264.84 in pre-petition escrow advances for taxes and insurance for the property.

24. On the petition date, the plaintiffs also owed $2,843.38 in pre-petition fees and charges, which included late fees, advances, NSF fees, foreclosure expenses, and attorneys' fees.

25. The total pre-petition arrearages due at the time the plaintiffs filed their bankruptcy case were as follows:

| Monthly payments due 3/1/16 through 9/1/18 | 31 x $588.91 | $ 18,256.21 |
|---|---|---|
| Late charges | | $    530.10 |
| Foreclosure expenses | | $    341.30 |
| Attorneys' fees | | $  1,330.00 |
| Prior servicer corporate advance 2/1/17 | | $    112.92 |
| Prior servicer late charges 2/1/17 | | $    494.06 |
| Prior servicer NSF fees 2/1/17 | | $      35.00 |
| Escrow deficiency for funds advanced | | $ 26,264.84 |
| TOTAL DUE FOR REINSTATEMENT | | $47,364.43 |

26. U.S. Bank filed a motion for relief from the automatic stay on August 2, 2019.

27. The plaintiffs filed a resistance to the motion for relief from stay on August 16, 2019, acknowledging the post-petition delinquency to U.S. Bank and seeking the ability to cure within a reasonable time.

28. The plaintiffs filed a further resistance to the motion for relief from stay on September 26, 2019, contesting U.S. Bank's standing.

29. A stipulated order settling the motion for relief was filed on October 24, 2019. In that stipulated order, the plaintiffs acknowledged that U.S. Bank has a valid perfected security interest in the property.

In resisting the motion for summary judgment, the debtors deny that U.S. Bank has any right to enforce the note because it is not the real party in interest, and they dispute the accounting provided by SN Servicing.

The debtors' challenge to the assignment of the note to U.S. Bank fails for two reasons. First, the debtors lack standing to insert themselves into the contractual arrangements between the original lender and any subsequent holders of the note, absent proof of harm. "The party injured by an improper or fraudulent assignment is the mortgagee-assignor (mortgage holder), not the mortgagor (homeowner)." *Quale v. Aurora Loan Servs., LLC*, 561 F. App'x 582, 583 (8th Cir. 2014). "As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so." *Blackford v. Westchester Fire Ins. Co.*, 101 F. 90, 91 (8th Cir. 1900). "The Debtors have not claimed that they did not take out this debt or that there is not a mortgage on their home

or that they have suffered any injury based on the allegedly defective assignment (such as collection efforts by two separate creditors on the same debt)." *In re Baber*, 523 B.R. 156, 161 (Bankr. E.D. Ark. 2014). Likewise, the debtors here do not allege an injury based on the assignment of the note and deed of trust. They question the amount of money they allegedly owe on the debt, but they do not dispute the existence of the debt itself based on the note and security document.

Second, the debtors have already agreed that U.S. Bank's security interest in their residence is valid and perfected. Paragraph 1 of the parties' Stipulated Order in Settlement of the Motion for Relief from the Automatic Stay (Fil. No. 111 in Case No. BK18-81307) states: "Debtors have granted, and the parties hereto acknowledge, that Movant has a valid perfected security interest in certain real property commonly known as 8708 N 52nd Avenue, Omaha, NE 68152." The legal doctrine of judicial estoppel prevents a party who successfully proceeds on a particular position from later proceeding on a contrary and inconsistent position.

> Three considerations "typically inform the decision whether to apply the doctrine in a particular case:" 1) "a party's later position must be clearly inconsistent with its earlier position," 2) whether the party "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled," and 3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*Baouch v. Werner Enter., Inc.*, 908 F.3d 1107, 1113 (8th Cir. 2018) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

Simply put, the debtors here cannot have it both ways – they cannot concede in the bankruptcy case that U.S. Bank is the proper creditor holding a valid secured interest in their residence, yet argue in this adversary proceeding that U.S. Bank does not hold a valid claim.

As to the debtors' concerns about the amount of the claim, the procedures regarding claims and how they are handled are set forth in the Bankruptcy Code and the procedural rules:

> The Bankruptcy Code and Bankruptcy Rules specifically address burden of proof on claims. The Code provides:
>
> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.
>
> (b) . . . [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –

>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .
>
> 11 U.S.C. § 502. Thus, once a proof of claim is filed it is prima facie evidence of the claim's validity and amount, and the claim is deemed allowed if there is no objection. *In re Tanner*, Bankr. No. 12-01429, 2013 WL 2318848, at *4 (Bankr. N.D. Iowa 2013) (citing *In re Be-Mac Transp., Co.*, 83 F.3d 1020, 1025 (8th Cir. 1996) ). "If an objection to the claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the petition." *Id.* "Bankruptcy Rule 3001(f) places the burden of producing some evidence to rebut the presumption of validity on the objecting party." *Id.* (citing *In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. B.A.P. 2004)).

*In re Racing Servs., Inc.*, 595 B.R. 334, 353 (Bankr. D.N.D. 2018).

Under Rule 3001(f), the debtors are required to produce sufficient evidence to rebut the validity of the claim. To show that the proof of claim is not valid, the debtors submitted:
- a copy of a 2014 escrow refund check that is not part of the claim, to demonstrate that the claim is incomplete and inaccurate;
- post-petition monthly statements from the loan servicer;
- the 2017 mortgage interest statement submitted by the loan servicer to the IRS;
- a March 2017 letter from the loan servicer providing notice that force-placed insurance would be purchased for the property and the estimated cost for doing so, which is less that the amount the debtors are actually charged for the insurance, according to the loan payment history attached to the proof of claim;
- a copy of the loan payment history attached to the proof of claim, showing multiple charges per month; and
- a loan amortization schedule with no foundation.

None of this information constitutes "sufficient evidence" to overcome the prima facie validity of the defendants' claim. The loan servicer need not attach every document in its file to the proof of claim, as long as there is sufficient information to establish the amount owed. The defendants are claiming pre-petition arrearages from the initial date of default through the date the bankruptcy case was filed, which covers two-and-a-half years. A loan in default necessarily accrues late fees, attorney fees, and other charges pursuant to the terms of the note. Therefore, multiple entries each month on the loan payment history are not unusual and do not appear to be duplicative. The letter about the cost of the force-placed insurance was simply a notice to the debtors and not in any way a binding agreement as to the cost of the insurance. The post-petition statements submitted by the debtors are not relevant to the pre-petition claim. Likewise, it is unclear what relevance the mortgage interest statement and the loan amortization schedule have to the claim's validity or how they show "inconsistencies" vaguely referred to by the debtors.

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The movant bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the non-movant must respond by submitting evidentiary materials that set out specific facts showing the existence of a genuine issue of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011).

Because the debtors here have not established any genuine issue of material fact, nor have they demonstrated a sufficient basis for rejecting the defendants' proof of claim, summary judgment will be entered in favor of the defendants.

IT IS ORDERED: The defendants' motion for summary judgment (Fil. No. 46) is granted. Separate judgment will be entered.

DATED: March 27, 2020.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Ronnie Jerome Eggerson
    Debra Louise Eggerson
    *L. Bryant Jaquez
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.